**WAYNE BY–PRODUCTS COMPANY, a Michigan corporation, Plaintiff,**

**v.**

**Larry WERRIES, Director, State of Illinois Department of Agriculture; and Neil F. Hartigan, Attorney General of the State of Illinois, Defendants.**

No. 88 C 2740.

United States District Court,
N.D. Illinois, E.D.

Aug. 19, 1988.

Donald L. Welsh, Laurie A. Haynie, Welsh & Katz, Ltd., Chicago, Ill., for plaintiff.

William McGlynn, Asst. Atty. Gen., Office of the Illinois Atty. Gen., General Law Div., Chicago, Ill., for defendants.

MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

In this lawsuit, plaintiff asks this court to declare an Illinois statute unconstitutional under the Commerce Clause and the Due Process Clause of the United States constitution. Defendants, two Illinois officials, insist that although the statute—the Illinois Dead Animal Disposal Act—impacts on interstate commerce, it is a valid "health and public welfare" law. Defendants have moved to dismiss the complaint. Plaintiff, in turn, has moved for summary judgment.

## DISCUSSION

■ Defendants first argue that the Eleventh Amendment bars this suit for injunctive relief against these two state officials in their official capacities. This argument is so frivolous as to suggest bad faith. Ever since *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Supreme Court has held repeatedly that "when a plaintiff sues a state official alleging a violation of federal law, the federal court may award an injunction that governs the official's future conduct." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 102–03, 104 S.Ct. 900, 909, 79 L.Ed.2d 67 (1984).

■ Amazingly, defendants' next argument is equally meritless. Defendant contends that this court should dismiss the complaint for declaratory and injunctive relief because plaintiff would have an adequate remedy at law. Having just argued that the Eleventh Amendment bars *any* relief for plaintiff, defendants now argue that plaintiff can obtain full relief in an action for damages. The very same line of cases clearly allowing injunctive relief against state officials in their official capacity states just as clearly that monetary relief against such defendants is proscribed. *E.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. at 103, 104 S.Ct. at 909. Unless the state is intending to waive its Eleventh Amendment defense, it should probably avoid further argument on this score in the future.

■ Defendants' final argument, that the complaint fails to state a claim, is better, but still incorrect. Although *Clason v. Indiana*, 306 U.S. 439, 59 S.Ct. 609, 83 L.Ed. 858 (1939), did uphold Indiana's Animal Disposal Act against a Commerce Clause challenge, that case differs from the instant one in a fundamental respect. In *Clason*, the prohibition against transporting dead carcasses over interstate borders did not discriminate against interstate *commerce* because dead carcasses were not articles of commerce; the Indiana law required the *destruction* of the carcasses within twenty-four hours. In this case, by contrast, plaintiff alleges that the rendering materials it seeks to transport from Illinois to Michigan are used by Illinois renderers. Accordingly, the rendering materials are articles of commerce, and the Illinois statute's restriction on removing them from the state brings the Commerce Clause into play. *Philadelphia v. New Jersey*, 437 U.S. 617, 623–24, 98 S.Ct. 2531, 2535, 57 L.Ed.2d 475 (1978).

■ This does not mean, however, that the statute necessarily must fall. Although the Supreme Court has said that discriminatory legislation with economic protectionism as its goal is "virtually *per se* ... invalid[ ]," *Id.* at 624, 98 S.Ct. at 2535 (*citing H.P. Hood & Sons, Inc. v. Du Mond*, 336 U.S. 525, 69 S.Ct. 657, 93 L.Ed. 865 (1949)), legislation impacting on commerce may pass constitutional muster if the interstate burden imposed by the legislation is justified by a *legitimate* local concern. *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142, 90 S.Ct. 844, 847, 25 L.Ed.2d 174 (1970). Determining the constitutionality, then, requires an inquiry into the interstate effects of the legislation and the degree to which it furthers the legitimate goal.

At this point, however, this court's analysis must come to an end. For although the parties have filed briefs and statements of fact on plaintiff's motion for summary judgment, their submissions are woefully inadequate. Among other things, the parties fail to provide the following:

1) an analysis of the intra- and interstate sales of Illinois rendering materials;

2) a summary of the states and companies currently licensed to transport rendering materials out of Illinois;

3) an explanation as to how Illinois prevents harmful products from entering through Indiana (even if produced with non-Illinois rendering materials).

4) a description of the national rendering industry.

Until the parties supplement their briefs and supporting papers with this and other factual material, this court cannot and will not consider striking down a law enacted by the elected body of a sovereign State.

## CONCLUSION

Defendants' motion to dismiss is denied. The court withholds ruling on plaintiff's motion for summary judgment pending further briefing as set forth in this opinion.